UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TASHIA TASCHLER, TIFFANY WYNN, and MICHAEL ROSSI, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>J.P. MORGAN CHASE & CO., and J.P. MORGAN CHASE BANK, N.A.,<br><br>       Defendants. | 20-cv-02535-JMF |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR FEES AND COSTS PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 41(d)**

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 3

    *The Illinois Action/The Original Taschler Lawsuit* .............................................................. 3

    *The Wynn/Rossi Lawsuit* ...................................................................................................... 4

ARGUMENT .................................................................................................................................... 7

    I.    DEFENDANTS ARE ENTITLED TO AN AWARD OF COSTS UNDER RULE 41(D) ............................................................................................................... 7

    II.    AN AWARD OF DEFENDANTS' ATTORNEYS' FEES IS APPROPRIATE AND THIS CASE SHOULD BE STAYED UNTIL THE AWARD IS DETERMINED AND PAID ............................................................... 10

II.    CONCLUSION .................................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adams v. New York State Educ. Dep't*,
   630 F. Supp. 2d 333 (S.D.N.Y. 2009) ........................................................................... 8, 10, 11

*Andrews v. America's Living Ctrs., LLC*,
   827 F.3d 306 (4th Cir. 2016) ................................................................................................... 7

*Evans v. Safeway Stores, Inc.*,
   623 F.2d 121 (8th Cir. 1980) (per curiam) ............................................................................ 10

*Gadelhak v. AT&T Services, Inc.*,
   950 F.3d 458 (7th Cir. 2020) ................................................................................................ 4, 9

*Horowitz v. 148 S. Emerson Assocs. LLC*,
   888 F.3d 13 (2d Cir. 2018) .................................................................................... 3, 7, 8, 9, 10

*New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm.*,
   Nos. 06–CV–3529, 07–CV–2474, 2007 WL 2908110 (E.D.N.Y. Oct. 5, 2007) ..................... 8

*Preferred Freezer Servs., LLC v. Americold Realty Tr.*,
   No. 19-CV-2926 (VSB), 2020 WL 774132 (S.D.N.Y. Feb. 18, 2020) ............................. 8, 11

*Ramirez v. iBasis, Inc.*,
   No. 08-CV-5125 KAM JMA, 2010 WL 1223589 (E.D.N.Y. Mar. 24, 2010) ......................... 8

*Rogers v. Wal–Mart Stores, Inc.*,
   230 F.3d 868 (6th Cir. 2000) ................................................................................................... 7

**Statutes**

Bank Holding Company Act of 1956 § 4(k) ................................................................................. 1
Bank Holding Company Act of 1956 § 4(l) .................................................................................. 1

**Other Authorities**

Fed. R. Civ. P. 41(a)(1)(A)(i) ........................................................................................................ 3
Fed. R. Civ. P. 41(d) ............................................................................... 1, 2, 3, 7, 8, 9, 10, 11
Fed. R. Civ. P. 41(d)(2) ............................................................................................................ 3, 11

Defendant JPMorgan Chase Bank, N.A. ("Chase") and Specially Appearing Defendant JPMorgan Chase & Co. (the "Holding Company")[1] (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this memorandum of law in support of Defendants' Motion for Fees and Costs Pursuant to Federal Rule of Civil Procedure 41(d) (the "Motion"). Defendants move this Court for entry of an award of attorneys' fees and costs against Plaintiffs in this twice re-filed action.   In support of the Motion, Defendants state as follows:

## INTRODUCTION

This putative class action lawsuit under the Telephone Consumer Protection Act ("TCPA") is a combined copycat of two earlier lawsuits filed in the Northern District of Illinois and the Southern District of New York by the same named Plaintiffs—each asserting the ***exact same claims*** under the ***same theories*** with ***materially identical*** factual allegations that are now brought together before this Court seemingly for the purpose of forum shopping.  Each of the two prior lawsuits were voluntarily dismissed within weeks of their original filing for purely tactical reasons—before Defendants even had a chance to file a responsive pleading challenging venue, jurisdiction, and the merits of Plaintiffs' claims.   Had the prior cases proceeded, Plaintiffs' claims would have been challenged and likely subject to dismissal through dispositive motion practice. Their claims here still face the same hurdles.

First, Plaintiff Tashia Taschler ("Taschler"), a resident and citizen of Indiana, originally filed suit against Chase in the Northern District of Illinois (the "Illinois Action") on February 13, 2020, but quickly withdrew her case on the heels of a Seventh Circuit decision that impacted her claims.   A month after dismissing the Illinois Action, Taschler re-filed her claims with this Court seemingly to avail herself of legal arguments related to the TCPA that are now foreclosed in the

---

[1] The Holding Company is a financial holding company under section 4(k) and (l) of the Bank Holding Company Act of 1956. The Holding Company is not a proper defendant to this action.

Seventh Circuit (the "Renewed Taschler Lawsuit").  Similarly, Plaintiffs Tiffany Wynn ("Wynn") and Michael Rossi ("Rossi")—residents and citizens of Florida and New Jersey, respectively—filed an earlier lawsuit against the Holding Company in this Court and were assigned to a different judge (the "Wynn/Rossi Lawsuit").  Wynn and Rossi voluntarily dismissed their claims before the Holding Company could file a responsive pleading or dispositive motion, and after their counsel was presented with evidence that: (a) Chase never called Wynn or Rossi; (b) even the sources cited in Wynn and Rossi's complaint indicated that the alleged calls to them were "spoofed" calls from an unknown third party; and (c) Chase could not possibly have violated the TCPA given this evidence.  Tellingly, Wynn and Rossi's counsel strategically avoided filing suit in the Eleventh or Third Circuits, where, as in the Seventh Circuit, recent decisions are less favorable to allegations of ATDS-based violations of the TCPA.

Nearly a month after the voluntary dismissal of the Wynn/Rossi Lawsuit, Plaintiffs joined forces and filed an Amended Class Action Complaint in the Renewed Taschler Lawsuit (the "Amended Complaint"), now pending before this Court (no longer in Illinois) and adding Wynn and Rossi as named plaintiffs and naming both Chase and the Holding Company as Defendants. The present lawsuit asserts the ***same claims*** under the ***same theories*** with ***materially identical*** factual allegations as the earlier voluntarily dismissed Illinois and New York Actions.  In short, Plaintiffs simply swapped venues in one case and judges in the second case in the apparent hope of obtaining a better outcome than they anticipated in their previously-filed lawsuits.

Such forum shopping and vexatious conduct comes at a price.  Federal Rule of Civil Procedure 41(d) provides for an award of "all or part of the costs of that previous action," where "a plaintiff who previously dismissed an action in *any* court files an action based on or including the *same* claim against the *same* defendant."  Fed. R. Civ. P. 41(d) (emphasis added).  In the

Second Circuit, a Rule 41(d) award includes attorneys' fees. *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 24 (2d Cir. 2018). Moreover, Rule 41(d) permits a stay of proceedings until plaintiff satisfies the payment of such an award. Fed. R. Civ. P. 41(d)(2).

Defendants are entitled to relief under Rule 41(d) here, where Plaintiffs' tactics of filing, voluntarily dismissing, re-filing, and amending the same lawsuits in two different federal courts caused Defendants to incur considerable additional and unnecessary expense. Defendants thus move this Court to award such costs and fees and, in accordance with Rule 41(d)(2), to stay the proceedings until Plaintiffs have complied.

## BACKGROUND

Plaintiffs in this matter previously sued Defendants in two materially identical lawsuits filed in two separate courts, both of which were voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)—only to be re-filed with this Court.

### *The Illinois Action/The Original Taschler Lawsuit*

Taschler, an Indiana resident and citizen, filed her original Class Action Complaint and Demand for Jury Trial (the "Illinois Complaint") against Chase in the Northern District of Illinois on February 13, 2020. A true and authentic copy of the Illinois Complaint is attached as Exhibit 1 to the Declaration of Gregory E. Ostfeld (June 30, 2020) ("Ostfeld Decl."). Taschler's allegations in the Illinois Complaint are materially identical to her allegations here. She alleges that she received a series of so-called "robocalls" from Chase between September 2019 and November 2019 seeking to recover a debt from Plaintiff's grandfather, who is deceased. Ostfeld Decl. Ex. 1 ¶¶ 15-32. Taschler alleges that these calls were made using an automated telephone dialing system ("ATDS") without her express consent, and alleges that these calls constitute a violation of the TCPA. *Id*. ¶¶ 33, 63-68.

Six days after Taschler filed the Illinois Complaint, and before she served Chase (but after

3

Chase learned of her suit through docket alerts and had begun investigating her claim), the Seventh Circuit issued its ruling in *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458 (7th Cir. 2020)—on February 19, 2020.[2] There, the court construed the definition of an ATDS narrowly, holding that an ATDS is limited to equipment which has the capacity to "store" or "produce" telephone numbers to be called "using a random or sequential number generator," and to dial such numbers, and thus excludes equipment that "dials numbers only from a customer database." *Id*. at 464-68. Evidently recognizing the impact that *Gadelhak* might have to her claim, Taschler voluntarily dismissed the Illinois Action on February 24, 2020, and informed Chase's counsel of the voluntary dismissal on February 25, 2020 when Chase's counsel contacted Taschler's counsel to discuss waiver of service. *See* Ostfeld Decl. ¶ 4. A true and authentic copy of the stipulation of dismissal is attached as Exhibit 2 to the Ostfeld Declaration.

One month later, on March 24, 2020, Taschler filed her Class Action Complaint and Demand for Jury Trial (the "New York Taschler Complaint") against Chase in this case, *i.e.*, the Renewed Taschler Lawsuit. *See* Dkt. 1. The New York Taschler Complaint is almost word-for-word identical to the Illinois Complaint, with only the jurisdiction and venue allegations differing. *Compare* Ex. 1 *with* Dkt. 1. Approximately two months after that, on May 15, 2020, Plaintiffs filed the Amended Complaint, adding Wynn and Rossi as additional plaintiffs and the Holding Company as an improper defendant. *See* Dkt. 12.

### *The Wynn/Rossi Lawsuit*

Wynn and Rossi filed a Class Action Complaint and Demand for Jury Trial against the Holding Company (improperly named as defendant) in the Southern District of New York on March 23, 2020 (the "Wynn/Rossi Complaint"). The case was assigned to Judge Jed S. Rakoff.

---

[2] Counsel for Taschler here is the same firm that brought the appeal in *Gadelhak*.

4

A true and authentic copy of the Wynn/Rossi Complaint is attached as Exhibit 1 to the Declaration of Christina G. Sarchio ("Sarchio Decl."). The Wynn/Rossi Complaint alleged Wynn to be a resident of Missouri[3] and citizen of Florida and Rossi to be a resident and citizen of New Jersey.

Wynn and Rossi's allegations in the previously filed complaint are materially identical to their allegations here. Indeed, both Wynn and Rossi repurposed each paragraph containing factual allegations verbatim from the Wynn/Rossi Complaint in the Amended Complaint before this Court. Wynn alleges that she received a series of calls from January 2019 to January 2020 to collect a debt from someone who was not Wynn from a number her Caller ID identified as 800-945-2000. *Compare* Dkt. 12 ¶¶ 37-38 *with* Sarchio Decl., Ex. 1 ¶¶ 1-2. She alleges these calls were made using an ATDS without her prior consent. *Compare* Dkt. 12 ¶¶ 36-37, 39-40 *with* Sarchio Decl., Ex. 1 ¶¶ 1, 3-4. Rossi alleges that he received calls from a number his Caller ID identified as 800-338-5960 since January 2019, offering him rewards through a Marriott Bonvoy Credit Card. *Compare* Dkt. 12 ¶¶ 41-43 with Sarchio Decl., Ex. 1 ¶¶ 5-7. He alleges these calls were made using a pre-recorded voice without his prior consent. *Compare* Dkt. 12 ¶ 46 *with* Sarchio Decl., Ex. 1 ¶ 7.

The parties to the Wynn/Rossi Lawsuit conferred on April 7, 2020, at which time Defendants' counsel informed counsel for Wynn and Rossi that the lawsuit against the Holding Company was brought against the wrong entity, and that Chase was the proper entity. The parties further stipulated to an extension of time for responsive pleading, and subsequently met and conferred again on April 17, 2020. During that second meet and confer, Chase informed counsel for Wynn and Rossi that Chase did not call the telephone numbers alleged to be those of Wynn

---

[3] The Amended Complaint in the action before this Court now alleges Wynn to be a resident and citizen of Florida only. Dkt. 12 ¶ 10.

5

and Rossi. *See* Sarchio Decl. ¶ 9. Chase informed counsel for Wynn and Rossi that the telephone numbers 800-945-2000 and 800-338-5960 are customer service numbers used to receive inbound calls from customers. *Id.* Counsel for Chase noted that while those numbers appear on the back of certain Chase credit cards (as the citations in the Wynn/Rossi Complaint itself indicated), nefarious third parties unaffiliated with Chase used those numbers for scams and it was not actually Chase calling. Chase's counsel thus explained that the calls to Wynn and Rossi were "spoofed"—i.e., a third party disguised the telephone number that appeared to be calling to be that of Chase. *See id.*

Chase further provided counsel for Wynn and Rossi with public documents to support Chase's assertions. For example, the website cited in footnote 5 of the Wynn/Rossi Complaint reported the telephone 800-338-5960 as a "credit card scam." Sarchio Decl. ¶ 4, Ex. 2. In addition, the website cited in footnote 6 of the Wynn/Rossi Complaint included consumer reports warning that calls from the telephone number 800-338-5960 could be "spoofed." Sarchio Decl. ¶ 4, Ex. 3. Counsel for Chase pulled and provided reports from these same websites for the telephone number 800-945-2000, which included similar characterizations and warnings. Sarchio Decl. ¶¶ 6-7, Exs. 5-6. Last but not least, counsel for Chase provided counsel for Wynn and Rossi a copy of a declaration filed publicly in a bankruptcy case from a Chase representative who confirmed that the number (800) 945-2000 had not been used to contact the debtor. Sarchio Decl. ¶ 8, Ex. 6. Three days later, on April 20, 2020, Wynn and Rossi voluntarily dismissed the Wynn/Rossi Complaint without prejudice, and without further follow-up with Chase. Sarchio Decl. ¶ 10, Ex. 7.

Nearly a month later, Plaintiffs filed the Amended Complaint in this action, adding Wynn and Rossi as new named representatives to the Renewed Taschler Lawsuit, which had recently

been relocated from Illinois to New York as described *supra*, and adding improper defendant the Holding Company. The allegations pertaining to Wynn and Rossi in the Amended Complaint here are materially identical to their allegations in the Wynn/Rossi Lawsuit, and their TCPA claims in the Amended Complaint match the same claims in the Wynn/Rossi Lawsuit. *Compare* Ex. 2 *with* Dkt. 12. Counsel for Wynn and Rossi also joined Taschler's counsel as co-counsel in this action. A simple comparison shows that the factual allegations in the Wynn/Rossi Complaint were added to the Illinois Complaint to form the operative Amended Complaint before this Court.

## ARGUMENT

I. **DEFENDANTS ARE ENTITLED TO AN AWARD OF COSTS UNDER RULE 41(D)**

Defendants are entitled to recover the costs of the previous Illinois Lawsuit and the Wynn/Rossi Lawsuit under Federal Rule of Civil Procedure 41(d), because Plaintiffs dismissed and re-filed their actions for tactical gain and foisted unnecessary burdens upon Defendants. Rule 41(d) provides:

> **Costs of a Previously Dismissed Action**. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

The purpose of this rule "is clear and undisputed: 'to serve as a deterrent to forum shopping and vexatious litigation.'" *Horowitz*, 888 F.3d at 25 (quoting *Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 309 (4th Cir. 2016) (internal quotation omitted)). *See also Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 874 (6th Cir. 2000). "Thus, 'where a plaintiff ... voluntarily dismisses a lawsuit and then files a second suit against the same defendants predicated on the same facts, defendants may be entitled to recover their costs and attorneys' fees expended in defending the first suit and to stay the second suit until payment of those costs.'" *Adams v. New York State*

7

*Educ. Dep't*, 630 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (quoting *New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm.*, Nos. 06–CV–3529, 07–CV–2474, 2007 WL 2908110 at *16–17 (E.D.N.Y. Oct. 5, 2007)).

The test for an award under Rule 41(d) is straightforward: when a plaintiff voluntarily dismisses a first action and subsequently files a second action "asserting claims that 'depend on the same core showing' as the claims in the initial action, a court may grant the relief prescribed in Rule 41(d)." *Preferred Freezer Servs., LLC v. Americold Realty Tr.*, No. 19-CV-2926 (VSB), 2020 WL 774132, at *2 (S.D.N.Y. Feb. 18, 2020) (citing *Horowitz*, 888 F.3d at 23-24). "When determining if a second action is 'based on or include[es] the same claim against the same defendant,' courts may look to whether the second suit is 'predicated on the same facts.'" *Id.* (quoting *Ramirez v. iBasis, Inc.*, No. 08-CV-5125 KAM JMA, 2010 WL 1223589, at *3 (E.D.N.Y. Mar. 24, 2010); *Adams*, 630 F. Supp. 2d at 343-44. A movant under Rule 41(d) "need not show that a plaintiff acted in bad faith in order to recover," but the Court "may take into consideration a plaintiff's motives in dismissing a prior action." *Preferred Freezer*, 2020 WL 774132, at *3 (quoting *Ramirez*, 2010 WL 1223589, at *3).

Defendants meet each of the requirements for an award of costs under Rule 41(d). All three Plaintiffs in this action dismissed their previous actions—the Illinois Complaint and the Wynn/Rossi Complaint—and subsequently filed a second action asserting identical claims predicated on the exact same factual allegations and depending on the same core showing as Plaintiffs' TCPA claims in the initial actions. In short, the Amended Complaint is not only predicated on the same facts as the earlier lawsuits; the factual allegations are nearly word-for-word identical.

Though no showing of bad faith is required, it is also clear that Plaintiffs' actions in

8

voluntarily dismissing the two prior actions were motivated by the very behavior Rule 41(d) is designed to curb—forum shopping and vexatious litigation.  In the case of Taschler, her filing and subsequent voluntary dismissal of the Illinois Complaint just weeks later was driven by the Seventh Circuit's decision in *Gadelhak* construing the definition of an ATDS unfavorable to Taschler's TCPA claim.   Taschler's move to this Court is thus transparent forum shopping to take advantage of a more plaintiff-friendly construction of the TCPA in the Second Circuit with respect to the meaning of ATDS.

Likewise, though Wynn and Rossi's claims have consistently been pursued in this District (albeit with a different judicial assignment), it cannot and should not be ignored that they voluntarily dismissed their initial complaint after Chase's counsel disclosed substantial, credible information demonstrating that Chase never placed the calls at issue to Wynn or Rossi—and indeed pointed to their own allegations as originally plead in the Wynn/Rossi Complaint as evidence that the alleged calls were "spoofed" to appear as though Chase was calling.  The decision to re-file under the cover of another plaintiff's existing lawsuit, perhaps in the hopes of gaining a different audience or making it seem like there was more substance to the claim by adding more plaintiffs to yield a more favorable litigation opportunity, is vexatious.  *See Horowitz*, 888 F.3d at 26 ("The targets of deterrence under [Rule 41(d)] will often be litigants. . . that file complaints and quickly dismiss them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case assignment to a judge they view as more favorable.").  Plaintiffs' self-evident motives in this case thus support an award of costs under Rule 41(d).

## II. AN AWARD OF DEFENDANTS' ATTORNEYS' FEES IS APPROPRIATE AND THIS CASE SHOULD BE STAYED UNTIL THE AWARD IS DETERMINED AND PAID

Defendants' award of costs under Rule 41(d) should include an award of attorneys' fees. The Second Circuit has held that district courts "may award attorneys' fees as part of costs under Rule 41(d)." *Horowitz*, 888 F.3d at 24 (citing *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (per curiam)). In *Horowitz*, the court found that "the entire Rule 41(d) scheme would be substantially undermined were the awarding of attorneys' fees to be precluded," and had "no difficulty in concluding that Rule 41(d) evinces an unmistakable intent for a district court to be free, in its discretion, to award attorneys' fees as part of costs." *Id*. at 25. The Court continued:

> Rule 41(d) would be greatly limited as an effective deterrent if district courts were precluded from assessing attorneys' fees as part of costs. The need for attorneys' fees may be especially acute in the Rule 41(d) context. The targets of deterrence under the rule will often be litigants … that file complaints and quickly dismiss them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case assignment to a judge they view as more favorable. These are actions with minor costs to the adversary other than attorneys' fees, which may be substantial.

*Id*. at 25-26. *See also Adams*, 630 F. Supp. 2d at 343.

Here, the purpose of Rule 41(d) can only be served through an award of Defendants' reasonable attorneys' fees as part of their award of costs. There would be little deterrent effect in the absence of an attorneys' fees award for those fees incurred by Defendants in defense of the earlier actions. Because Plaintiffs voluntarily dismissed the Illinois Complaint before serving Chase and the Wynn/Rossi Complaint before the Holding Company or Chase filed an initial responsive pleading, Defendants' costs outside of attorneys' fees incurred in the earlier actions were *de minimis* if any. Yet its attorneys' fees defending the earlier actions—particularly the effort invested in supplying plaintiffs' counsel with information to support voluntary dismissal of the Wynn/Rossi Complaint—have been substantial. Plaintiffs' forum shopping in the Taschler

matter and vexatious litigation tactics in the Wynn/Rossi matter have thus caused needless waste for which Defendants should be compensated. *See Horowitz*, 888 F.3d at 26 (recognizing the "especially acute" need to award attorneys' fees in the Rule 41(d) context where minor costs do not effectively deter forum shopping or vexatious litigation).

"In the Rule 41(d) context, it is conventional to decide the movant's entitlement to an award first, then rule on the specific amount that is recoverable after giving the parties an opportunity to agree on reasonable costs and make any submissions as to the size of the award." *Preferred Freezer Servs.*, 2020 WL 774132, at *4. Thus, Defendants have not submitted an affidavit or bill of fees or costs with this motion. Should the Court rule that Defendants are entitled to an award, Defendants respectfully request an opportunity to confer with Plaintiffs' counsel to agree on the reasonable costs and fees to be awarded, or, if no agreement can be reached, to submit an affidavit outlining their reasonable costs and fees before the Court finalizes the amount of any such award.

While this process moves forward, this Court should stay this action pursuant to its authority under Rule 41(d)(2). *See Adams*, 630 F. Supp. 2d at 336-37 (staying action until plaintiffs paid the Rule 41(d) award comprised of defendants' costs and attorneys' fees incurred in defending against the initial action). Defendants have filed in conjunction with this motion their respective answers and motion for summary judgment, setting forth clear and indisputable factual grounds demonstrating that Defendants have committed no TCPA violations of any kind as to any of the Plaintiffs. A stay while the parties address the amount of Defendants' award will also afford Plaintiffs an opportunity to assess the evidence, reevaluate their litigation posture, and reconsider their decision to re-file claims that lack a meritorious basis in fact. Accordingly, a stay may serve the more efficient disposition of this matter through voluntary action.

## CONCLUSION

For the foregoing reasons, Defendants are entitled to an award of costs under Federal Rule of Civil Procedure 41(d), as a result of Plaintiffs' voluntary dismissal of the Illinois Complaint and the Wynn/Rossi Complaint and re-filing of the same claims in a new action in this Court. Defendants therefore respectfully request that this Court enter an Order: (1) awarding Defendants their costs, including reasonable attorneys' fees, in accordance with Rule 41(d); (2) granting Defendants 30 days after entry of such order to confer with Plaintiffs' counsel to reach agreement on the amount of the award, and if agreement cannot be reached, submit an affidavit and supporting materials setting forth the amounts sought; and (3) granting such other and further relief as the Court deems necessary and proper.

Dated: June 30, 2020            Respectfully submitted,

By: /s/ Sylvia E. Simson

Sylvia E. Simson
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
SimsonS@gtlaw.com

Gregory E. Ostfeld (pro hac vice application forthcoming)
Monica S. Harris
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (312) 456-8400
Fax: (312) 456-8435
OstfeldG@gtlaw.com
HarrisMS@gtlaw.com

Christina Guerola Sarchio
Amisha R. Patel
Dechert LLP
1900 K Street NW
Washington, DC 20006
Tel: (202) 261-3300
Fax: (202) 261-3333
Christina.Sarchio@dechert.com
Amisha.Patel@dechert.com

*Attorneys for J.P. Morgan Chase Bank, N.A. and J.P. Morgan Chase & Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020, I electronically filed the foregoing Defendants' Motion for Fees and Costs Pursuant to Federal Rule of Civil Procedure 41(d) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Sylvia E. Simson