## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TASHIA TASCHLER, TIFFANY WYNN, and
MICHAEL ROSSI, individually and on behalf
of all others similarly situated,

                Plaintiffs,

    v.

J.P. MORGAN CHASE & CO., and J.P.
MORGAN CHASE BANK, N.A.,

                Defendants.

20-cv-02535-JMF

**PROTECTIVE ORDER**

WHEREAS, Plaintiffs Tashia Taschler, Tiffany Wynn, and Michael Rossi (collectively, "Plaintiffs"), and Defendants J.P. Morgan Chase & Co.,[1] and J.P. Morgan Chase Bank, N.A. (collectively, "Chase") (together Plaintiffs and Chase are the "Parties"), anticipate that discovery in this litigation will involve the disclosure and/or production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted;

WHEREAS, such information requiring special protection includes, without limitation, trade secrets, proprietary systems, confidential commercial information, confidential information relating to third parties to the action, or other proprietary information belonging to Chase and third parties, and other confidential information of Chase customers;

WHEREAS, the Parties agree that a need exists for a protective order pursuant to Federal Rule of Civil Procedure 26(c), which establishes a procedure for limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be

---

[1] Specially appearing Defendant JPMorgan Chase & Co. is a financial holding company under section 4(k) and (l) of the Bank Holding Company Act of 1956.  It is Chase's position that the holding company is not a proper defendant to this action.

produced by the Parties and their respective counsel or by any nonparty in the above-captioned matter.

WHEREAS, the Parties, having conferred through their respective counsel, stipulated and agreed to the following terms of a protective order hereby stipulate to and petition the Court to enter the following Stipulated Protective Order;

ACCORDINGLY, IT IS HEREBY AGREED by the undersigned and ORDERED by the Court that pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Stipulated Protective Order (the "Order").

## 1. MATERIALS SUBJECT TO THIS ORDER

All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, information disclosed pursuant to subpoena, and information derived directly therefrom, shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 10.3 below, that this Order does not entitle them to file confidential information under seal; the Federal Rules of Civil Procedure and Local Rules of this District set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1 _Challenging Party_: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2     _"CONFIDENTIAL" Information or Items_: Information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information consisting of or that reveals trade secrets; (c) research, technical, commercial, financial, or commercially-sensitive business or proprietary information that the Party has maintained as confidential; (d) personal identity information; (f) non-public financial information or income tax returns (including attached schedules and forms); (g) confidential or private information about current or former employees, contractors, or vendors (including personnel or employment records); (h) information protected from disclosure under the Cable Communications Privacy Act; (i) confidential customer information; and (j) sensitive personal information, including without limitation an individual's Social Security number, taxpayer identification number, financial account number, credit card or debt card number, driver's license number, state-issued identification number, passport number, date of birth (excluding year of birth), or biometric information.

2.3     _Counsel_ (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

2.4     _Designating Party_: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.5     _Disclosure_ or _Discovery Material_: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     _Expert_: A person with specialized knowledge or experience in a matter pertinent to

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     *"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items*: Extremely sensitive "Confidential Information or Items," (such as trade secrets, financial data, customer information, or competitively-sensitive information about future business plans and strategies), where disclosure of such information to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     *In-House Counsel*: Attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel.

2.9     *Non-Party*: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     *Outside Counsel*: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11     *Party*: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12     *Producing Party*: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     *Professional Vendors*: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     *Protected Material*: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

2.15   *Receiving Party*: A Party that receives Disclosure or Discovery Material from a

Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined

above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

or presentations by Parties or their Counsel that might reveal Protected Material.  However, the

protections conferred by this Order do not cover the following information: (a) any information

that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the

public domain after its disclosure to a Receiving Party as a result of publication not involving a

violation of this Order; and (b) any information known to the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source (other than the

Designating Party) who obtained the information lawfully and under no obligation of

confidentiality to the Designating Party.

**4.    DESIGNATING PROTECTED MATERIAL**

4.1   *Exercise of Restraint and Care in Designating Material for Protection*. Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards. To

the extent it is practical to do so, the Designating Party must designate for protection only those

parts of material, documents, items, or oral or written communications that qualify — so that other

portions of the material, documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2    _Designation of Materials Produced In Prior Litigation Involving the Parties_.  To the extent that either Party possesses any materials in this case that are subject to a continuing protective order entered in in prior litigation involving one or more of the Parties, and those materials are responsive to one or more Party's discovery requests in this case, the Party possessing the responsive materials shall at least ten (10) days prior to the due date for the discovery responses provide the Party issuing the discovery requests a copy of the protective order entered in such prior litigation, and the Parties shall confer in good faith to determine whether the Party issuing the discovery requests agrees to be bound by any such prior order.  To the extent the Party issuing the discovery requests does not agree to be bound, the Party possessing the responsive materials shall prior to the due date for the discovery responses move the Court in this case for a separate protective order governing the production of those materials that were designated confidential in prior litigation.

4.3    _Manner and Timing of Designations_. Except as otherwise provided in this Order (_see, e.g._, Section 4.4 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    For information in documentary form (_e.g._, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a
portion or portions of the material on a page qualifies for protection, the Producing Party
also must clearly identify the protected portion(s) (e.g., by making appropriate markings
in the margins) and must specify, for each portion, the level of protection being asserted.

     (b)    For testimony given in deposition or in other pretrial or trial proceedings,
that the Designating Party may specify, on the record during the deposition, hearing, or
other proceeding, or up to 30 days after receipt of the final transcript, all protected
testimony that shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
ATTORNEYS' EYES ONLY," without prejudice to their right to so designate other
testimony after reviewing the transcript.  The entire transcript and exhibits thereto shall be
deemed confidential information until the expiration of this 30-day period.   After
expiration of this 30-day period, only those portions of the testimony and exhibits thereto
that are appropriately designated for protection prior to expiration of that 30-day period
shall be covered by the provisions of this Order.

    The use of a document as an exhibit at a deposition shall not in any way affect its
designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'
EYES ONLY."

    Transcripts containing Protected Material shall have an obvious legend on the title
page that the transcript contains Protected Material, and the title page shall be followed by
a list of all pages (including line numbers as appropriate) that have been designated as
Protected Material and the level of protection being asserted by the Designating Party. The
Designating Party shall inform the court reporter of these requirements.  Any transcript
that is prepared before a designation has been made shall be treated during that period as

if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.4   *Inadvertent Failures to Designate*. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.  Additionally, a Designating Party may designate qualified information or items that were produced prior to of the execution of this Order.

## 5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1   *Timing of Challenges*. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2   *Meet and Confer*. The Parties must make reasonable attempts to resolve any dispute

regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference in person or by telephone with the Designating Party in an effort to resolve the dispute without court action, or that the Designating Party was unwilling to participate in the meet and confer process in a timely manner. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a telephone conference. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. Upon receiving the written notice challenging confidentiality, the Designating Party shall review the designated material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or certifies that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

5.3     _Judicial Intervention_. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging the confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must include a certification that the movant has complied with the meet and confer requirements

imposed in the preceding paragraph. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses or burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

5.4    This Order does not change or affect the burden of proof under Federal law governing the establishment of confidential or protected status for documents or information.

## 6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    *Basic Principles*. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    *Disclosure of "CONFIDENTIAL" Information or Items*. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    The Plaintiffs;

(d)     Non-Parties and their counsel to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and to whom the Designating Party has consented in writing in advance of any such disclosure;

(e)     Consultants, investigators, or Experts, professional jury or trial consultants, and Professional Vendors employed by the Parties or Counsel for the Parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Exhibit A, "Acknowledgment and Agreement to Be Bound"; (f) The Court and its personnel;

(g)     Court reporters and their staff;

(h)     During or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Witnesses or deponents, and their counsel, to the extent necessary to conduct and prepare for depositions or testimony in this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(j)     With respect to potential hostile witnesses, if a deponent refuses to sign the "Acknowledgment and Agreement to be Bound" (Exhibit A), the information or item may be shown to the witness during the deposition, but any party may move the Court for appropriate relief (e.g. limiting access to the transcript and exhibit and requiring the same

continue to be treated as confidential or highly confidential for all other purposes) within fourteen (14) days after the conclusion of the deposition.

For the avoidance of doubt, "CONFIDENTIAL" Information or Items shall not be disclosed to any member or potential member of the putative class unless the Confidential Information concerns them or otherwise ordered by the Court or permitted in writing by the Designating Party.

6.3     _Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"_
_Information or Items_. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel;

(e)     Court reporters and their staff; and

(f)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

For the avoidance of doubt, HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY

Information or Items shall not be disclosed to any member or potential member of the putative class unless otherwise ordered by the Court or permitted in writing by the Designating Party.

7.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

7.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

7.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, other than information relating to the putative class and other than confidential information provided in discovery in this action, that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    Promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Non-Party.

7.3    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

8.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

9.      **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

1.      Nothing in this Order shall preclude any Party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information.  The Parties agree that, pursuant to Fed. R. Evid. 502(d), a Producing Party's disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or in any other federal or state proceeding, constitute a waiver by that Producing Party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection and any other privilege or protection recognized by law, provided the conditions set forth in Fed. R. Evid. 502(b) are satisfied.

2.      Upon written notice of a claim of disclosure or production is provided, the Receiving Party shall comply with Fed. R. Civ. P. 26(b)(5) and certify in writing that it has done so within seven (7) days.

3.      Notwithstanding the foregoing, the Receiving Party may, after conferring with opposing counsel in a good faith effort to resolve any dispute regarding the Producing Party's assertion of privilege or protection, contest the Producing Party's claim of privilege or protection with the Court and seek an order compelling production of the material.  Nothing herein shall prevent the Receiving Party from challenging the privileged status of any produced documents in the event the Parties cannot resolve a claim of privilege or protection without court intervention.

4.      Should the Parties require the Court's guidance regarding a challenge as to the privileged status of inadvertently-produced materials, the Parties agree to present any such inadvertently-produced materials for in camera review for a determination of that claim.

## 10.    MISCELLANEOUS

10.1    _Right to Further Relief_. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2    _Right to Assert Other Objections_. By stipulating to this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.  By stipulating to the entry of this Order, Defendants do not waive and expressly reserve all rights to object to the Court's jurisdiction over them in this Litigation.

10.3    _Filing Protected Material_. Before filing Protected Material or disclosing such material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

This Order does not, by itself, authorize the filing of any document under seal.  Rather, no Party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.  To the extent any motion for leave to file under seal is denied and the Court does not provide any alternative procedure or measure of protection as an alternative to filing under seal, the parties shall be entitled to file any Protected Material that was the subject of such motion in the public record notwithstanding any other provision of this Order.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Challenging Party's motion to remove the confidentiality designation is granted by the Court, then the parties may file the Protected Material in the public record unless otherwise instructed by the Court.

10.4    Nothing in this Order shall be deemed to waive any applicable common law or statutory privilege or work product protection.

10.5    *No Greater Protection of Specific Documents*. Except on grounds of attorney-client privilege, attorney work-product or other privilege, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party first moves for an order providing such greater protection.

10.6    *Use of Protected Material or Information at Trial*. Any use of Protected Material at trial shall be governed by a separate order.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A Party that intends to present or that anticipates that another party may present Protected Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Material, but failure to raise the issue shall not preclude use at trial or hearing.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.7    *Challenges by Members of the Public to Sealing Orders*. A Party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the Designating Party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

10.8    *Action by the Court*. Applications to the Court for an order relating to materials or documents designated Protected Material shall be by motion.  Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10.9    *Retroactive Application of this Order*: Except as otherwise provided in this Order (*see, e.g.*, Section 4.4 above), or as otherwise stipulated or ordered, to the extent any Party has already produced items or information as of the date of this Order that it contends should be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Producing Party may make such designation by both: (A) clearly specifying, in writing, the specific material to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by Bates Number, deposition transcript page and line number, or otherwise; and (B) re-producing the items or information (without redactions, if previously produced in redacted form) and with the appropriate legend affixed in the manner specified by Section 4.3 or this Order.

## 11.    FINAL DISPOSITION

11.1    *Order Continues in Force*. Unless a Designating Party agrees otherwise in writing or a court order otherwise directs, this Order shall remain in effect even after (a) dismissal of all claims and defenses in this action, with or without prejudice; or (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.  The Court shall retain jurisdiction over all Parties bound hereby for the purposes of enforcing this Order.

      11.2    *Obligations at Conclusion of Litigation*. Within 120 days after dismissal or entry of final judgment not subject to further appeal and upon written request by the Designating Party, the Receiving Party shall use reasonable efforts to return to the Producing Party or destroy all Protected Material and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" under this Order, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  If the Producing Party requests return, rather than destruction, of the Protected Material, then the costs of returning the Protected Materials, including shipping and/or mailing costs, shall be paid by the Producing Party.  Notwithstanding the foregoing, the Receiving Party shall not be required to return or ensure the destruction of Protected Material from: (1) disaster recovery or business continuity backups; (2) data stored in system-generated temporary folders or near-line storage; (3) departed employee data; (4) material that is subject to legal hold obligations or commingled with other such material; and/or (5) material offered into evidence or filed without restriction as to disclosure.  Backup storage media will not be restored for purposes of returning or destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Order.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 120 day deadline stating that the Receiving Party undertook reasonable efforts to return or destroy all Protected Material, including any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material, pursuant to this Section 11.

      11.3    *Retention of Work Product and one set of Filed Documents*. Notwithstanding the above requirements to return or destroy documents, counsel for the Parties shall be entitled to

retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial

transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that

contain or refer to Protected Material, provided that such counsel and employees of such counsel

shall not disclose such Protected Material to any person, except pursuant to court order.  Any

retained Protected Material shall continue to be protected under this Order.  An attorney may use

his or her work product in subsequent litigation, provided that its use does not disclose or use

Protected Material.  Nothing in this Order shall be interpreted in a manner that would violate any

applicable canons of ethics or codes of professional responsibility.

   11.4   *Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System*.

Filings under seal shall be deleted from the ECF system only upon order of the Court.

## 12.   PERSONS BOUND

   This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms even after final disposition of this litigation, see Section 11.

So Ordered this  30  day of  September ,
2020

_____
THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp*., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

The Clerk of Court is directed to terminate ECF No. 54.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TASHIA TASCHLER, TIFFANY WYNN, ) and
MICHAEL ROSSI, individually and on )
behalf of all others similarly situated,     )          20-cv-02535-JMF
                                              )
                    Plaintiffs,               )
                                              )
        v.       )                            )
                                              )
J.P. MORGAN CASE & CO., and J.P.              )
MORGAN CHASE BANK, N.A.,                      )
                                              )
                    Defendants.               )

I, _____, hereby declare:

        1.      I have carefully read and understand the Confidentiality Agreement and Protective Order (the "Order"), and I agree to be bound by the terms thereof and to comply with the terms thereof.  I hereby submit irrevocably to the jurisdiction of this Court for the purpose of enforcing this Order in the event that I am alleged to have violated the terms thereof.

        2.      I will hold in confidence and not disclose to anyone not qualified under the Confidentiality      Order any    material    designated    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" as defined in the Order, or any words, summaries, abstracts, or indices of such information disclosed to me.

        3.      No later than the final conclusion of the case, I will return all material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

        4.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____, 202_____.


                                        _____
                                        Name:

20